**FEDERAL LAND BANK OF ST. PAUL, Appellant,**

v.

**Roger D. BENNETT, Defendant,**

**Adeline L. Walters, Respondent.**

**No. C4-89-580.**

Court of Appeals of Minnesota.

Sept. 12, 1989.

Ted E. Deaner, O'Brien, Ehrick, Wolf, Deaner & Downing, Rochester, for appellant.

E. Kent Christian, Rochester, for defendant and respondent.

Heard, considered and decided by RANDALL, P.J., and SCHUMACHER and THOREEN,* JJ.

## OPINION

SCHUMACHER, Judge.

Appellant bank foreclosed the mortgage on respondent's property and sold the property at a sheriff's sale. Appellant then commenced an action seeking a deficiency judgment by serving respondent with a summons and complaint. Respondent brought a summary judgment motion claiming that appellant had violated Minn. Stat. § 582.30, subd. 5(a) (1988) by not filing the complaint in district court within 90 days. The trial court granted respondent's motion and appellant seeks review. We reverse.

## FACTS

On May 11, 1981, respondent Adeline Walters, her now deceased husband and Roger Bennett executed a promissory note evidencing a $325,000 loan made to them by appellant, the Federal Land Bank of St. Paul. The debt was secured by a mortgage on agricultural property owned by respondent and her husband.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

Respondent failed to make her January 1, 1987 payment on the debt and on December 14, 1987, appellant held a sheriff's foreclosure sale. Appellant purchased the property at the sale and a deficiency remained. On February 29, 1988, 78 days after the sale, appellant served a summons and complaint on respondent seeking a deficiency judgment. The summons and complaint were filed in court July 27, 1988, more than six months after the sheriff's sale.

Respondent brought a summary judgment motion claiming that appellant had not complied with Minn.Stat. § 582.30, subd. 5(a) which permits a deficiency judgment to be obtained only by "filing a separate action" within 90 days of the sheriff's sale. The trial court granted respondent's motion and appellant seeks review.

## ISSUE

Is the requirement of Minn.Stat. § 582.30, subd. 5(a) satisfied by serving the debtor with the summons and complaint within 90 days of the sale?

## ANALYSIS

There is no issue of fact in the present case. This court must decide only whether the trial court erred in its application of the law. *See Offerdahl v. University of Minnesota Hospitals & Clinics*, 426 N.W.2d 425, 427 (Minn.1988).

■ Appellant argues that the trial court improperly interpreted Minn.Stat. § 582.30, subd. 5(a). That statute reads:

Subd. 5. Mortgage on agricultural property entered on or before March 22, 1986.

(a) If a mortgage entered on or before March 22, 1986 on property used in agricultural production is foreclosed and sold, *a deficiency judgment may only be obtained by filing a separate action for a deficiency judgment within 90 days after the foreclosure sale.* A court may allow a deficiency judgment only if it determines that the sale of the property was conducted in a commercially reasonable manner.

Minn.Stat. § 582.30, subd. 5(a) (1988) (emphasis added).

Appellant claims that the phrase "filing a separate action" is ambiguous and actually means "commencing an action." Appellant argues that the intent of the statute is to force creditors to move quickly when seeking a deficiency judgment and that the goals of the statute were accomplished by serving the summons and complaint on respondent within 90 days of the sheriff's sale.

Respondent contends that the word "file" has acquired a technical meaning, that, "file" means "to deposit in the custody * * * of a court. To deliver an instrument or other paper to the proper officer or official for the purpose of being kept on file * * *." *Black's Law Dictionary*, 566 (5th ed. 1979).

However, it is unclear whether the Minnesota Legislature intended to use the word "file" as narrowly defined by respondent. It is evident from the language of section 582.30 that the legislature sought to require court involvement in deficiency proceedings after foreclosure of agricultural property. In a non-agricultural property foreclosure, the amount of deficiency is determined immediately as a result of the foreclosure sale. *See* Minn.Stat. § 582.30, subd. 1 (1988). However, the court is involved in determining the amount of the deficiency resulting from a sale of agricultural property. The court must first determine that the property was sold in a commercially reasonable manner. Minn. Stat. § 582.30, subd. 5(a). Further, an owner is entitled to a jury determination of the fair market value of the property, after which the amount of deficiency is determined. Minn.Stat. § 582.30, subd. 5(b) (1988).

In order to involve the court in a deficiency proceeding, an action must be commenced. Under the Minnesota Rules of Civil Procedure, an action is commenced at the following times:

(a) when the summons is served upon that defendant, or

(b) at the date of acknowledgement of service if service is made by mail, or

(c) when the summons is delivered to the sheriff in the county where the defendant resides for service; * * *.

Rule 3.01, Minn.R.Civ.P. Unlike the Federal Rules of Procedure, the mere filing of a summons and complaint does not commence an action under the Minnesota rules. Theoretically, under a narrow definition of "file", a creditor could file a deficiency complaint with the court within 90 days of the sheriff's sale and serve the debtor at any time thereafter.

A statute is ambiguous if it can be given more than one reasonable interpretation. *Tuma v. Commissioner of Economic Security*, 386 N.W.2d 702, 706 (Minn.1986). The uncertainty as to whether the phrase "filing a separate action" only means to file the complaint with the court renders § 582.30, subd. 5 ambiguous and open to judicial interpretation.

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (1988). This court may examine the occasion and necessity for the law and the object to be attained. Minn. Stat. § 645.16(1) and (4) (1988). When it enacted section 582.30, the legislature made the following findings:

> The legislature finds that there is a rural economic emergency resulting from the agricultural economic depression. Foreclosure sales and subsequent deficiency judgments are debilitating the people foreclosed and taking away their hope for readjustment after foreclosure, which is detrimental to the welfare of the state.

1986 Minn.Laws ch. 398 art. 19 sec. 1. In enacting section 582.30, the legislature decided that mandatory court involvement in deficiency proceedings would best enable persons to recover after foreclosure of their agricultural properties. The legislature's intent to require judicial regulation of deficiency proceedings can only be effectuated by commencing an action, not by merely filing a complaint.

## DECISION

The term "filing a separate action" must be construed to mean commencing an action in order to accomplish the goals of the statute. We hold that appellant complied with the statute by serving respondent with a summons and complaint within 90 days after the sheriff's sale.

Reversed.